**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44184**

| | | |
|---|---|---|
| **RODNEY GENE BLACKBURN, JR.,** | ) | **2017 Opinion No. 12** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: February 9, 2017** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Christopher S. Nye, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge

Rodney Gene Blackburn, Jr. appeals from the district court's judgment summarily dismissing Blackburn's petition for post-conviction relief. Specifically, Blackburn argues the district court erred because Blackburn's counsel rendered ineffective assistance by failing to file a notice of appeal. For the reasons explained below, we affirm the district court.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Blackburn pled guilty[1] to violation of a no-contact order and was sentenced to a unified term of four years, with a minimum period of confinement of one year. Blackburn filed a

---

[1] Blackburn pled guilty pursuant to a plea agreement which did not provide for a waiver of his right to appeal or collaterally attack the judgment against him. This case is, therefore, distinguishable from those cases in which there is an explicit waiver of those rights.

1

petition for post-conviction relief claiming ineffective assistance of counsel. Specifically, Blackburn alleged that his counsel's advice--that an appeal was not necessary and that Blackburn should file an I.C.R. 35 motion for reduction of his sentence--deprived him of his constitutional right to effective assistance of counsel. The district court filed a notice of intent to dismiss the petition and scheduled a hearing for Blackburn to provide additional facts to avoid summary dismissal of his petition. At the hearing, Blackburn's counsel stated he had no additional information to provide. The district court summarily dismissed Blackburn's petition.

## II.

## ANALYSIS

Blackburn argues the district court erred in summarily dismissing his petition for post-conviction relief. A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering

2

summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free

review.  *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

In his petition for post-conviction relief, Blackburn alleged his attorney rendered ineffective assistance of counsel by failing to file a notice of appeal.  A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act.  *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009).  To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007).  To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness.  *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007).

An attorney who disregards specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable.  *See Beasley v. State*, 126 Idaho 356, 360, 883 P.2d 714, 718 (Ct. App. 1994).  On the other hand, a defendant who explicitly instructs counsel not to file an appeal cannot later complain that, by following the defendant's instructions, counsel performed deficiently.  *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  Where the defendant has not conveyed his or her intent with respect to an appeal either way, the court must first determine whether trial counsel consulted with the defendant about an appeal.  *Id.* at 478; *Pecone v. State*, 135 Idaho 865, 868, 26 P.3d 48, 51 (Ct. App. 2001).  In this context, the term "consult" means advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes.  *Flores-Ortega*, 528 U.S. at 478.  If counsel has consulted with the defendant, then counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with regard to an appeal.  *Id.*

If counsel has not consulted with the defendant, then counsel's performance in failing to consult with the defendant is itself deficient if a rational defendant would want to appeal or the particular defendant reasonably demonstrated to counsel that he or she was interested in

4

appealing. *Id.* at 480. In making these determinations, courts must take into account all the information counsel knew or should have known. *Id.*

Once counsel's performance has been shown to be deficient, the defendant must demonstrate actual prejudice by showing that there is a reasonable probability that, but for counsel's failure to consult with him or her about an appeal, the defendant would have timely appealed. In ascertaining whether a defendant has made the requisite showing of prejudice, courts may consider whether there is evidence of nonfrivolous grounds for appeal or the defendant in question promptly expressed a desire to appeal. *Id.* at 485.

Blackburn argues that his counsel did not consult with him regarding an appeal. In support, Blackburn relies solely upon allegations in his verified petition that "counsel in this case neglected to discuss with [Blackburn] the appellate process or the ramifications of not filing an appeal. Instead [counsel] said 'an appeal is not necessary' and 'that a rule 35 would be more appropriate.'" Blackburn's allegation that his attorney did not discuss with him the appellate process or the ramifications of not filing an appeal, if true, would be sufficient to show that counsel did not consult with him as required by *Flores-Ortega*. The State argues that, because counsel advised Blackburn that an appeal was not necessary and that he should file a Rule 35 motion, it shows that the attorney consulted with Blackburn. We agree it shows that counsel and Blackburn must have at least discussed an appeal. However, such discussion falls short of showing that counsel advised Blackburn about the advantages and disadvantages of filing an appeal and made a reasonable effort to discover Blackburn's wishes.

Even so, counsel had a constitutional duty to consult with Blackburn regarding an appeal only if there was reason to think either that a rational defendant would want to appeal (for example because there were nonfrivolous grounds for an appeal) or Blackburn reasonably demonstrated to counsel that he was interested in appealing. Ordinarily, a plea of guilty, if voluntarily and knowingly made, is conclusive as to the defendant's guilt and waives all nonjurisdictional defects in prior proceedings against the defendant. *State v. Hosey*, 134 Idaho 883, 889, 11 P.3d 1101, 1107 (2000). Therefore, Blackburn's appellate issues would typically be limited to the validity of his plea, his sentence, and the court's jurisdiction. Neither the record nor Blackburn's brief suggest any grounds for appeal with the exception of an appeal from the sentence imposed. The presentence investigation report (PSI) discloses that this is Blackburn's

third felony conviction and that he has thirty-nine misdemeanor convictions. Without disclosing here the details of Blackburn's PSI, the sentence imposed appears to be reasonable. If we were to review the sentence on appeal, we would apply our usual standard of review. Blackburn would be required to show that the sentence was unreasonable. A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). This Court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Id.* A rational defendant would not want to appeal where the chance of success was slim to none.[2] Therefore, we conclude that Blackburn has not presented a prima facie case that a rational defendant would want to appeal.

We note, too, that Blackburn has not presented a prima facie case that he reasonably demonstrated to counsel that Blackburn was interested in appealing. It appears from the scant record that Blackburn discussed an appeal with counsel, who advised Blackburn that an appeal was not necessary and that he should file a Rule 35 motion. As disclosed by the verified petition, only after Blackburn "became more versed in the appellate process" did he decide that he wanted to appeal and, even then, there is no allegation that he communicated his desire to appeal to his attorney.

Blackburn has not shown that a rational defendant would want to appeal or that he reasonably demonstrated to counsel that he was interested in appealing. Therefore, he has not presented a prima facie case that his counsel had a constitutional duty to consult with him regarding an appeal.

### III.

### CONCLUSION

The district court did not err in summarily dismissing Blackburn's petition for post-conviction relief. We affirm the district court. Costs awarded to the respondent on appeal.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.

---

[2]    It follows that counsel's advice that Blackburn pursue a Rule 35 motion instead of an appeal was professionally reasonable, although we need not decide that issue.