`

**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48694**

| | |
|---|---|
| FORREST GLENN SHUNN, | ) |
| | ) **Filed: May 12, 2022** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kolby K. Reddish, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Forrest Glenn Shunn appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. Shunn argues the district court erred in summarily dismissing his claim that he received ineffective assistance of counsel based on his trial counsel's failure to advise him to file an Idaho Criminal Rule 35 motion for a reduction of sentence. Shunn filed documents that the district court treated as a Rule 35 motion, and upon which it granted relief. Because Shunn's statement that he was not advised of the opportunity to file a Rule 35 motion was discredited by the documents he filed, Shunn could not establish a genuine issue of material fact regarding deficient performance of trial counsel. But even if he could, Shunn did not establish a genuine issue of material fact that he was prejudiced by the alleged deficient performance. The judgment summarily dismissing Shunn's petition for post-conviction relief is affirmed.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2018, while Shunn was on probation for a 2017 conviction,[1] his probation officer discovered methamphetamine and drug paraphernalia during a check of Shunn's residence. Shunn pleaded guilty to possession of a controlled substance, and the trial court imposed a unified sentence of seven years, with one year determinate. For the 2017 conviction, Shunn admitted to violating the terms of his probation and the trial court revoked Shunn's probation and ordered execution of his previously suspended unified sentence of ten years, with three years determinate.

Nine days after the sentencing hearing in the 2018 case and the dispositional hearing in the 2017 case, the trial court received a handwritten letter from Shunn asking the court to reconsider the sentences imposed and to give Shunn a chance at a period of retained jurisdiction. Shunn stated that he repented, stressed that his crimes were nonviolent, and indicated that he had information he could provide to the court at a Rule 35 motion hearing.

Four days later, the trial court received another letter from Shunn describing his abusive childhood and use of drugs to cope with his mental health issues; Shunn once again asked the court for leniency. On the same day, the trial court *sua sponte* reduced Shunn's sentence for the 2017 conviction pursuant to Idaho Criminal Rule 35, "noting no I.C.R. 35 motion has been filed by counsel." The trial court, in relevant part, reduced the sentence imposed for the 2017 conviction to a unified sentence of ten years, with two years determinate, but did not reduce the sentence imposed for the 2018 conviction.

Although Shunn initially filed a pro se petition for post-conviction relief challenging his 2017 and 2018 convictions, through appointed counsel, Shunn subsequently filed an amended petition, along with an affidavit, challenging only his 2017 conviction. The amended petition alleged in part, ineffective assistance of trial counsel for failing to advise Shunn that he could file a Rule 35 motion following the 2017 probation violation disposition. Shunn alleged that if trial counsel had advised him of his ability to file a Rule 35 motion, either he or trial counsel would have presented mitigating information to the trial court and there was a reasonable probability that the court would have further reduced Shunn's sentence for the 2017 conviction. Neither the

---

[1]    Shunn was also on probation for convictions from 2014 and 2015. Those convictions are not relevant to this appeal.

amended petition nor Shunn's affidavit contained any of the mitigating evidence that Shunn claimed would have been filed in support of a Rule 35 motion.

The State moved for summary dismissal of Shunn's amended petition for post-conviction relief pursuant to Idaho Code § 19-4906(c), arguing generally that, under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), Shunn failed to establish a genuine issue of material fact as to either deficient performance or resulting prejudice. Specifically, the State argued that because the trial court granted Rule 35 relief for the 2017 conviction, Shunn could not establish that he was prejudiced by his trial counsel's performance. In response, Shunn argued the trial court's reduction of his sentence for his 2017 conviction did not mean that he was not prejudiced by his trial counsel's performance because, without counsel advising him of the possibility of Rule 35 relief, Shunn was not able to file a Rule 35 motion and meaningfully participate in a hearing on the motion with the assistance of counsel. Shunn alleged that he was "denied an entire judicial proceeding at which he had the right to effective assistance of counsel" and, therefore, a presumption of prejudice is required.

The district court held a hearing on the State's summary dismissal motion. The district court found that prejudice could not be presumed and Shunn failed to present evidence that trial counsel was deficient or that he was prejudiced by counsel's performance. Accordingly, the district court found that Shunn failed to establish a genuine issue of material fact for his ineffective assistance of counsel claim and summarily dismissed Shunn's amended petition for post-conviction relief. Shunn timely appeals.

## II.

## STANDARD OF REVIEW

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

3

Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin v. State*, 138 Idaho 269, 272, 61 P.3d 626, 629 (Ct. App. 2002).

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Shunn alleges the district court erred in summarily dismissing his amended petition for post-conviction relief because: (1) he did not have notice that failure to sufficiently allege deficient

4

performance was a ground for dismissal; (2) his amended petition sufficiently established a genuine issue of material fact regarding his ineffective assistance of trial counsel claim. In response, the State argues that the district court did not err.

**A.      Shunn Had Sufficient Notice of Grounds for Dismissal**

Shunn acknowledges he had notice that the State moved to dismiss his amended petition for post-conviction relief for failure to sufficiently allege prejudice. However, Shunn argues he received no notice the State was seeking to dismiss his amended petition for failing to sufficiently allege deficient performance of trial counsel and, therefore, the district court could not dismiss on that basis. The State asserts Shunn had notice that his ineffective assistance of counsel claim could be dismissed for failing to sufficiently allege both deficient performance and prejudice.

Idaho Code § 19-4906(c) authorizes the dismissal of a petitioner's post-conviction claims on the State's motion. The notice requirement of I.C. § 19-4906(c) is met if the notice is sufficient that the other party cannot assert surprise or prejudice. *DeRushé*, 146 Idaho at 601, 200 P.3d at 1150. Because a post-conviction proceeding is governed by the Idaho Rules of Civil Procedure, a motion for summary dismissal must, pursuant to I.R.C.P. 7(b)(1), state the grounds for dismissal with particularity. *DeRushé*, 146 Idaho at 601, 200 P.3d at 1150. In the context of ineffective assistance of counsel claims, reasonable particularity only requires pointing out that there is a lack of evidence showing deficient performance or prejudice. *See id.* at 601-02, 200 P.3d at 1150-51. It does not require explaining what further evidence is necessary to substantiate a petitioner's claim. *Id.* at 602, 200 P.3d at 1151. Although a petitioner cannot challenge the sufficiency of the State's grounds for dismissal for the first time on appeal, a petitioner may assert for the first time on appeal that his post-conviction claims were dismissed without any notice at all. *Kelly*, 149 Idaho at 522, 236 P.3d at 1282.

We disagree with Shunn's contention that he had no notice that the State sought to dismiss his amended petition for failing to sufficiently allege deficient performance of trial counsel. In its motion for summary dismissal, the State moved the district court to dismiss the petition pursuant to I.C. § 19-4906(c), which authorizes dismissing a petition when it appears from the pleadings that the petitioner has failed to raise a genuine issue of material fact. The State also cited the *Strickland* standard for establishing ineffective assistance of counsel claims and argued "Petitioner cannot establish that his trial counsel was ineffective for failing to file a Rule 35 within thirteen

5

days of entry of Judgment."[2]  Finally, the State requested the district court to dismiss the petition "as no issues of material fact remain, Petitioner is not entitled to the post-conviction relief sought." This is sufficient argument, with citation to authority that Shunn failed to establish both deficient performance of trial counsel and resulting prejudice.  Thus, the State provided both argument and authority that generally, Shunn failed to establish a genuine issue of material fact on each of the *Strickland* prongs and, therefore, his amended petition should be dismissed.  That the State argued lack of prejudice with further specificity does not negate the additional, more general bases on which it argued the entire claim failed.  Consequently, Shunn had notice that the State sought summary dismissal because Shunn failed to allege a genuine issue of material fact as to each prong of his ineffective assistance of counsel claim.

**B.**     **Shunn's Amended Petition Did Not Establish a Genuine Issue of Material Fact Regarding His Ineffective Assistance of Counsel Claim**

Shunn asserts the district court erred in dismissing his amended petition for post-conviction relief because he created a genuine issue of material fact that trial counsel was deficient by failing to advise Shunn he could seek relief through a Rule 35 motion; he was prejudiced by the deficiency; and although he cannot demonstrate any actual prejudice, the district court should have inferred or presumed prejudice.  Specifically, Shunn asserts that if trial counsel had advised him about the opportunity to seek relief under Rule 35, "then presumably Mr. Shunn (either pro se or through counsel) would have properly filed such a motion and requested a hearing."  The State contends Shunn did not establish any issue of material fact as to either deficiency or prejudice and, therefore, the district court did not err in summarily dismissing the amended petition.[3]

---

[2]     It is true the State treated Shunn's claim as a claim that trial counsel was ineffective for *failing to file* an Idaho Criminal Rule 35 motion rather than *failing to advise* Shunn of the opportunity to file a Rule 35 motion.  However, Shunn did not address this discrepancy in the district court.  If Shunn believed these grounds were insufficiently clear, he was required to raise the issue in the district court.  *Kelly v. State*, 149 Idaho 517, 522 n.1, 236 P.3d 1277, 1282 n.1 (2010).  His failure to do so is fatal to his claim on appeal.  *DeRushé v. State*, 146 Idaho 599, 602, 200 P.3d 1148, 1151 (2009).  To the extent the claim is one of no notice, Shunn similarly fails to raise on appeal the claim that the State moved to dismiss on a ground not asserted in the petition instead of the allegation actually raised in the petition, and thus, waives consideration of the claim. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

[3]     On appeal, the State's argument centers on Shunn's concession that he cannot show a reasonable probability that he would have received more or different relief if counsel had properly filed a Rule 35 motion.  However, Shunn does not allege that he asked his trial counsel to file a

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland*, 466 U.S. at 687-88; *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceedings would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.

The test for analyzing deficient performance for *failing to advise* a defendant of his right to participate in a court process, such as an appeal or a Rule 35 hearing, is distinct from the test for the *failure to file a motion*. For example, the failure to advise claim often arises in the context of failing to advise a defendant of a right to appeal. In that context, the test is as follows:

> Where the defendant has not conveyed his or her intent with respect to an appeal either way, the court must first determine whether trial counsel consulted with the defendant about an appeal. In this context, the term "consult" means advising the defendant about the advantages and disadvantages of pursuing an appeal and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, then counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with regard to an appeal.
>
> If counsel has not consulted with the defendant, then counsel's performance in failing to consult with the defendant is itself deficient if a rational defendant would want to appeal or the particular defendant reasonably demonstrated to counsel that he or she was interested in appealing.
>
> Once counsel's performance has been shown to be deficient, the defendant must demonstrate actual prejudice by showing that there is a reasonable probability that, but for counsel's failure to consult with him or her about an appeal, the defendant would have timely appealed.

*Blackburn v. State*, 161 Idaho 769, 773, 391 P.3d 654, 658 (Ct. App. 2017) (citations omitted).

---

Rule 35 motion but counsel did not do so. Instead, Shunn claims trial counsel did not advise or consult with Shunn about the filing of a Rule 35 motion.

In contrast, when the alleged deficiency is trial counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Lint v. State*, 145 Idaho 472, 477-78, 180 P.3d 511, 516-17 (Ct. App. 2008). In our view, the failure to advise a defendant of his right to file a Rule 35 motion is most analogous to the failure to consult with a defendant about an appeal and, accordingly, we utilize that test for our review. However, under either analysis, Shunn's claim fails.

> 1.   **Shunn's amended petition did not allege a genuine issue of material fact as to trial counsel's deficient performance**

The first step in the analysis for a failure to advise claim is for the court to determine whether Shunn indicated a desire for a Rule 35 motion and whether trial counsel consulted with Shunn regarding the motion. The district court found that the only evidence regarding this claim was an affidavit in which Shunn stated trial counsel failed to advise him that he could pursue sentencing relief through a Rule 35 motion. However, the district court also found this statement in Shunn's affidavit was discredited by Shunn's letters to the trial court, which specifically asked the court to reconsider the sentences imposed in light of various factors and that he could provide additional information at a Rule 35 motion hearing. Shunn does not challenge the district court's findings that Shunn's statement in his affidavit was discredited by his letters to the trial court or that there were no other factual assertions in support of the claim. Shunn also argues the district court erred by "faulting" Shunn for failing to have sufficient evidence to avoid summary dismissal and that his uncontroverted affidavit was sufficient to create a material issue of fact for purposes of summary dismissal. We disagree. Because Shunn's only factual support was discredited, the district court noted that additional evidence, such as an affidavit from Shunn's trial counsel, was necessary to create a genuine issue of material fact to avoid summary dismissal. The district court was correct. Shunn presented no additional factual support for the first step of the analysis-- whether trial counsel consulted with him. Consequently, Shunn did not allege a genuine issue of material fact that trial counsel failed to advise him regarding a Rule 35 motion, and there was no need for the district court to further analyze Shunn's claim. The district court properly concluded Shunn failed to allege sufficient facts in support of his claim of deficient performance, and thus, there was no genuine issue of material fact that counsel was ineffective for failing to advise Shunn regarding a Rule 35 motion.

**2.** **Shunn's amended petition did not allege a genuine issue of material fact as to prejudice**

The second step in the analysis is to determine whether Shunn sufficiently alleged he was actually prejudiced by his trial counsel's failure to advise him on the possibility of Rule 35 relief. The district court held that even if trial counsel did not consult with Shunn about his right to file a Rule 35 motion, any deficiency was remedied when Shunn wrote to the district court asking for a reduction in his sentence and the district court granted relief pursuant to Rule 35. The district court was correct.

**a.** **Prejudice cannot be presumed**

Shunn concedes that he does not, and cannot, show that the trial court would have granted additional relief had a formal Rule 35 motion been filed. Nonetheless, Shunn argues that he should not be required to demonstrate prejudice, but instead, the district court should "infer that Mr. Shunn would have received greater or different relief had he properly filed a Rule 35 motion and requested a hearing on that motion." In support of this contention, Shunn asserts it would be impossible for a post-conviction petitioner to show, at the summary dismissal stage, that he would have received a lesser or different sentence absent counsel's deficient performance. Therefore, Shunn asserts that:

> A post-conviction petitioner must be able to raise a claim of ineffective assistance of counsel relating to his counsel's performance at sentencing or in relation to a Rule 35 motion without having to show, at the summary dismissal stage, that he would have received a lesser or different sentence absent counsel's deficient performance.

Only in specific Sixth Amendment contexts is prejudice presumed. *Garza v. Idaho*, 139 S. Ct. 738, 744 (2019). For example, no showing of prejudice is necessary when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken. *Id.* However, neither the Idaho Supreme Court nor this Court have ever held that prejudice may be presumed when the defendant has actually participated in a proceeding. As discussed above, Shunn failed to allege a genuine issue of material fact that there was constitutionally deficient performance by trial counsel in this case. Absent that prerequisite, Shunn cannot establish any basis upon which to presume prejudice.

Despite the fact that Shunn participated in the Rule 35 process, Shunn relies on *Vick v. State*, 131 Idaho 121, 952 P.2d 1257 (Ct. App. 1998) to support his assertion that he should not be required to demonstrate prejudice. In *Vick*, the petitioner alleged her trial counsel failed to provide

the sentencing court with a fully complete psychological evaluation and, as a result, the trial court was unable to adequately consider her mental illness as a mitigating factor in imposing a sentence. *Id.* at 124, 952 P.2d at 1260. Vick included the new mitigating information with her petition for post-conviction relief by providing an affidavit of a psychologist as well as a copy of a full psychological evaluation. *Id.* at 125, 952 P.2d at 1261. The district court granted summary disposition, and this Court reversed, holding that trial counsel's failure to submit readily available information that provided a more favorable assessment of Vick prior to sentencing created a material issue of fact as to whether she received ineffective assistance of counsel at sentencing. *Id.* at 125-26, 952 P.2d at 1261-62.

Shunn argues that because this Court did not require the petitioner in *Vick* to prove she would have received a lesser sentence, Shunn should not be required to show he would have received additional or different relief if trial counsel had filed a formal Rule 35 motion. Shunn's argument ignores the legal differences between sentencing and Rule 35 motion hearings. A Rule 35 motion does not function as an appeal of a sentence. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (200). Instead, it is a narrow rule allowing a trial court to correct an illegal sentence, to correct a sentence imposed in an illegal manner, or to reduce a sentence. *Id.* When presenting a Rule 35 motion for a reduction of sentence, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the Rule 35 motion. *Id.*

Further, Shunn's argument ignores the factual differences between his case and *Vick*. First, Shunn is challenging trial counsel's alleged failure to advise him of his ability to file a Rule 35 motion, not trial counsel's failure to file a Rule 35 motion or provide the trial court with mitigating information. Second, unlike *Vick*, Shunn presented information to the trial court through the letters that were treated as a Rule 35 motion. The trial court was able to review the mitigating information included in Shunn's letters, including Shunn's description of his difficult childhood and difficulty coping with his mental health issues. Shunn was granted relief after the trial court received his letters, indicating that the trial court considered the mitigating information Shunn included in the letters. Third, Shunn failed to identify or include any new or additional information as part of his post-conviction petition that he would have been provided to the trial court. Consequently, in light of the material differences between the cases, Shunn's reliance on *Vick* is misplaced. Accordingly, we will not presume prejudice in this case.

10

**b.     There is no genuine issue of material fact regarding prejudice**

Shunn's amended petition for post-conviction relief did not raise a genuine issue of material fact that he was prejudiced by the alleged failure of trial counsel to advise him of the possibility of Rule 35 sentencing relief.  Shunn's affidavit states that trial counsel's failure to advise him left him unable to "request that my sentence run concurrent with other matters or be reduced, and I was not able to present mitigating information to demonstrate the reasons for my request," but this statement does not reflect what occurred in the underlying criminal case. Although it was Shunn rather than trial counsel who filed the letters that were treated as a Rule 35 motion, Shunn was able to request that his sentence be reduced and present information to explain and justify that request.  Thus, the record establishes that Shunn was not denied the opportunity to request that his sentence be reduced through a Rule 35 motion; consequently, he cannot establish any prejudice arising from his claim that trial counsel failed to advise him regarding a Rule 35 motion.

Even assessing prejudice under the *failure to file* a Rule 35 motion standard, Shunn fails to establish prejudice because any failure by trial counsel to file the Rule 35 motion was remedied by Shunn filing documents the district court treated as such a motion. *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct. App. 1987) (observing "that any failure by the attorney to file a Rule 35 motion was remedied when Ramirez himself filed a document which the district court treated as such a motion"). Without any new or additional information, regardless of whether the Rule 35 motion was filed by counsel or by Shunn, there is no basis on which the trial court could grant relief. *Huffman*, 144 Idaho at 203, 159 P.3d at 840.

Thus, the district court did not err in concluding that Shunn failed to establish a genuine issue of material fact regarding trial counsel's alleged deficiency and resulting prejudice. Therefore, the district court did not err by summarily dismissing Shunn's amended petition for post-conviction relief.

## IV.
## CONCLUSION

Shunn's amended petition for post-conviction relief failed to raise a genuine issue of material fact regarding his claim of ineffective assistance of counsel, and the district court did not err by summarily dismissing the petition. The judgment summarily dismissing Shunn's amended petition for post-conviction relief is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.