26 P.3d 48

**Russell Charles PECONE,
Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 25753.

Court of Appeals of Idaho.

May 16, 2001.

Review Denied June 22, 2001.

Ronaldo A. Coulter, State Appellate Public Defender; Richard J. Hansen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; T. Paul Krueger II, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Chief Judge.

Russell Charles Pecone appeals from the district court's denial of his application for post-conviction relief. We affirm.

## I.

### FACTS AND PROCEDURE

Pecone pled guilty to voluntary manslaughter, I.C. § 18–4006(1). The district court thereafter sentenced Pecone to the maximum allowable sentence—a fixed term of fifteen years. Notably, after the sentencing hearing on April 18, 1995, in the stairwell

of the courthouse, Pecone asked his counsel: "Are we going to do an appeal?" Pecone's counsel subsequently testified: "Shortly after the sentencing, [Pecone and I] discussed appeal. Since a plea had been entered, my recommendation was there was nothing to appeal." According to Pecone's counsel's testimony, he and Pecone "talk[ed] about appeal" and counsel recommended that Pecone pursue an I.C.R. 35 motion for leniency instead of a direct appeal. Trial counsel filed the Rule 35 motion on June 14, 1995—more than fourteen days after Pecone's judgment of conviction was entered, and thus it did not toll the time for filing a notice of appeal. *See* I.A.R. 14. A Rule 35 motion was heard on September 19 and denied the next day. Pecone's counsel spoke with Pecone after his Rule 35 motion was denied, and in December he "took a trip to Boise ... to discuss post-conviction relief." Pecone never, at any time, directly instructed his counsel to file a notice of appeal, and Pecone's counsel never filed an appeal from the judgment of conviction or from the denial of the Rule 35 motion.

Pecone then filed the instant application for post-conviction relief, with an accompanying affidavit, asserting that his trial counsel provided ineffective assistance in varying ways. The district court eventually denied post-conviction relief to Pecone on all grounds, except the court reserved ruling on the claim that trial counsel was ineffective for failing to file an appeal. Thereafter, an evidentiary hearing was held on this claim.

The district court made numerous findings, including (1) Pecone asked his counsel "Are we going to do an appeal?"; (2) this conversation "was rushed, hurried and confused"; (3) "it is possible that [trial counsel] could reasonably assume that Pecone had no desire to appeal, or that [trial counsel] never understood that Pecone's question was really a request for appeal"; (4) "no weight [should be given] to Pecone's subjective conclusion that he requested an appeal during the ... conversation"; and (5) "Pecone never again talked about appealing the sentence. McKinney [Pecone's counsel] prepared a Rule 35 motion immediately after sentencing and argued it; he communicated with Pecone about post-conviction issues at least until De-

cember 1995." The court then determined: "Pecone presents no evidence that he did anything more than inquire about the appeal; he never sought information on the progress of the appeal, or clearly expressed to [trial counsel] that he wished to prosecute an appeal."

Based on the above findings of fact, the court concluded: (1) "[trial counsel] had no duty to file an appeal absent Pecone's affirmative request. Pecone must show that his desire to appeal was 'communicated to [counsel] or otherwise understood by him'"; (2) "[n]othing in the record shows that [Pecone] adequately communicated his desire for an appeal to his attorney, or that [trial counsel] understood that Pecone clearly wanted to file an appeal"; and (3) "[n]othing in the record shows that Pecone's 'request' clearly communicated his desire to appeal this Court's sentence. Pecone submits no authority for his implied proposition that [trial counsel] should have assumed he wanted an appeal simply because he inquired."

Pecone appealed to the Idaho Supreme Court, which remanded the issue to the district court "for further consideration and entry of an order in view of the United States Supreme Court's opinion issued in *Roe v. Flores–Ortega*, [528] U.S. [470], 102 S.Ct. 1020 [sic] [120 S.Ct. 1029, 145 L.Ed.2d 985] (2000)." The district court thereafter issued a detailed memorandum decision on remand, concluding after a thorough analysis and review, that Pecone's petition should again be denied.

## II.

### UNIFORM POST–CONVICTION PROCEDURE ACT (UPCPA) STANDARDS AND THE PROOF REQUIRED TO SHOW INEFFECTIVE ASSISTANCE OF COUNSEL

#### A. UPCPA Standards

■■■ An application for post-conviction relief initiates a proceeding that is civil in nature. *Hassett v. State*, 127 Idaho 313, 315, 900 P.2d 221, 223 (Ct.App.1995). A petitioner must prove by a preponderance of the evidence the truth of the allegations upon which the application is based. *Id.* at 316,

900 P.2d at 224. The district court does not have to accept a petitioner's mere conclusory allegations or conclusions of law. *Id.*

## B. Standard Of Review

■ On an appeal from an ineffective assistance of counsel claim, the appellate court reviews the district judge's factual findings to determine whether they were clearly erroneous. The reviewing court, however, exercises free review of the district judge's application of law. *Ray v. State,* 133 Idaho 96, 101, 982 P.2d 931, 936 (1999).

## C. Ineffective Assistance Of Counsel

■ To prevail on an ineffective assistance of counsel claim, a defendant is required to show that counsel's performance was deficient and that he or she was prejudiced by that deficiency. *LaBelle v. State,* 130 Idaho 115, 118, 937 P.2d 427, 430 (Ct. App.1997), *citing Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. A defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052. There is a strong presumption that trial counsel's representation was within the "wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. 2052; *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Where counsel refuses a defendant's request to appeal, prejudice is presumed. *Beasley v. State,* 126 Idaho 356, 359, 883 P.2d 714, 717 (Ct.App.1994). However, a defendant who initially requests an appeal may later decide against it on reliance upon advice of counsel. If an attorney competently advises against an appeal, and the defendant accepts that advice, there is no violation of the right to effective assistance of counsel. *Mata v. State,* 124 Idaho 588, 593, 861 P.2d 1253, 1258 (Ct.App.1993).

Recently, in *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the United States Supreme Court

clarified these burdens of proof as they apply in cases where the alleged ineffective assistance is based on assertions that trial counsel failed to file an appeal. In *Flores–Ortega,* the United States Supreme Court specifically addressed the question presented in the instant case: "Is counsel deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other?" *Flores–Ortega,* 528 U.S. at 477, 120 S.Ct. 1029. The Supreme Court elaborated:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning—advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.... If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.

*Id.* at 478, 120 S.Ct. 1029. The Supreme Court next addressed the related question: "Under what circumstances does counsel have an obligation to consult with the defendant about an appeal?" *Id.* After stating that it will not always be that "counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient," the Supreme Court pronounced:

> We ... hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal ..., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.... Even in cases when the

defendant pleads guilty, the court must consider such factors as whether ... the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id.* at 480, 120 S.Ct. 1029. Notably, the Supreme Court further wrote: "We expect that courts evaluating the reasonableness of counsel's performance using this inquiry we have described will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal." *Id.* at 481, 120 S.Ct. 1029. This is where we begin our inquiry.

## III.

## WAS TRIAL COUNSEL'S PERFORMANCE DEFICIENT?

**A. Pecone's Trial Counsel Had A Constitutionally Imposed Duty To Consult With Pecone After Sentence Was Imposed**

 As stated above, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal ..., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores–Ortega,* 528 U.S. at 480, 120 S.Ct. 1029.

Pecone pled guilty to voluntary manslaughter and was thereafter sentenced to a fixed fifteen-year term of imprisonment—the maximum sentence for voluntary manslaughter. Pecone's trial counsel was "shocked" and "amazed" that Pecone was sentenced so harshly. As Pecone was being led away from the courthouse, he asked his counsel "Are we going to do an appeal?" Trial counsel "did not recall [his] answer." Based upon these findings of fact alone, we conclude, as a

matter of law, that Pecone reasonably demonstrated to his counsel that he was at least *interested* in appealing. Thus, counsel had a constitutionally imposed duty to consult with Pecone about an appeal.[1]

**B. Trial Counsel's Post–Sentencing Consultation With Pecone**

The district court found that: (1) Pecone and his counsel "discussed Pecone's appeal rights"; (2) counsel "advised Pecone that because he had pleaded guilty no issues remained for an appeal"; (3) "[a]fter sentencing, [trial counsel] discussed Pecone's post conviction rights with him, including the right to appeal. He discussed Pecone's right to seek leniency, and told him he would be unsuccessful on appeal"; and (4) "Pecone and [trial counsel] had ample opportunities after sentencing to resume any discussion of Pecone's appellate rights. Pecone never asked again about an appeal." The district court thereafter concluded that Pecone's trial counsel "consulted—albeit quickly—with Pecone about an appeal, and outlined the bases for discouraging an appeal in this case."

We accept the above findings of fact as supported by substantial evidence in the record, but we freely review the district court's legal conclusion based on them. *Ray,* 133 Idaho at 101, 982 P.2d at 936. When asked to "tell the court the substance of that conversation," trial counsel said:

> Well, generally after a sentencing, I'm appointed—I'm still appointed to talk about appeal, Rule 35 motions, and post-conviction relief. And that's generally what we talked about.... I initiated the conversation in giving advice. Since there was a plea, there were no items such as confessions, suppressions and so forth. Things like that to appeal from. My recommendation was a Rule 35 because he had received a maximum sentence.

Counsel was further asked about his subsequent interactions with Pecone and whether Pecone inquired about an appeal. Counsel testified: "He did not tell me to appeal or

---

1. The district court on remand "assum[ed], *arguendo,* that McKinney had a duty to consult with Pecone about an appeal."

that he wanted to appeal. We were spending our time on Rule 35 and the post-conviction."

On remand, the district court further re-articulated its findings, noting that McKinney discussed with Pecone his post-conviction rights, including the right to appeal. In later conversations, counsel advised Pecone he would be unsuccessful on appeal[2] and discussed Pecone's right to seek leniency. McKinney specifically suggested that Pecone seek a reduction in sentence under Rule 35, and Pecone apparently accepted that advice. Counsel then filed a Rule 35 motion for reduction of sentence. They never again discussed a potential appeal, instead focusing their post-conviction strategy on the Rule 35 motion. At no time did McKinney ignore a clear request to file an appeal on Pecone's behalf.

Based on the district court's findings noted herein, which are supported by competent evidence in the record, we conclude that Pecone's counsel satisfied his constitutionally imposed duty to "consult" with Pecone, i.e., counsel adequately advised Pecone about the advantages and disadvantages of filing an appeal and made a reasonable effort to discover Pecone's wishes concerning an appeal. We accordingly hold that the *Flores–Ortega* standard has been satisfied with respect to counsel's duty to consult with his client and make a reasonable effort to discover his wishes regarding a direct appeal from his sentence. We further conclude that there was no violation of Pecone's right to the effective assistance of counsel to file a direct appeal from his judgment of conviction. *See Mata*, 124 Idaho at 593, 861 P.2d at 1258.

**C. Counsel's Performance After The Denial Of Pecone's Rule 35 Motion**

■ Entirely independent of the issues discussed above, are the same questions regarding trial counsel's actions after the denial of Pecone's Rule 35 motion, i.e., whether Pecone's counsel had a duty to consult with Pecone after the denial of his Rule 35 motion; if trial counsel had such a duty, did he satisfy it; and if he did not satisfy such duty, was Pecone prejudiced by such failure? However, Pecone did not raise any issues related to

the lack of an appeal from the order denying his Rule 35 motion, either in his petition for post-conviction relief or at the subsequent evidentiary hearing. Therefore, we decline to address these issues because they are raised for the first time on appeal to this Court. *See Small v. State,* 132 Idaho 327, 331, 971 P.2d 1151, 1155 (Ct.App.1998).

## IV.

## CONCLUSION

We affirm the district court's memorandum decision and order denying Pecone's application for post-conviction relief.

Judge LANSING and Judge PERRY concur.

---

**2.** Pecone has not shown that this advice was unreasonable or deficient.