IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38765

| KENTON IAN WILCOX, | ) | 2012 Unpublished Opinion No. 616A |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: September 5, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |
| | ) | AMENDED OPINION THE |
| | ) | COURT'S PRIOR OPINION |
| | ) | DATED AUGUST 29, 2012, IS |
| | ) | HEREBY AMENDED |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. John K. Butler, District Judge.

Order of the district court denying post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Kenton Ian Wilcox appeals from the district court's denial of his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Wilcox was convicted on two counts of lewd conduct with minor child under sixteen, Idaho Code § 18-1508, and one count of sexual abuse of a child under the age of sixteen, Idaho Code § 18-1506. No appeal was filed from his convictions or the sentence imposed by the district court. Subsequently, Wilcox filed a petition for post-conviction relief alleging multiple claims, including that his trial counsel failed to file a direct appeal after being requested to do so. The district court summarily dismissed all of the claims except the claim that counsel was

1

ineffective for failing to file an appeal. After an evidentiary hearing, the district court determined that Wilcox failed to establish that his trial counsel's performance was deficient, or that he was prejudiced by any deficiency. Wilcox timely appealed.

## II.

## ANALYSIS

Wilcox claims that the district court erred by denying his petition for post-conviction relief in regard to the contention that trial counsel was ineffective for failing to file a notice of appeal. Specifically, Wilcox contends that his trial counsel's performance was deficient for failing to properly advise him of his appellate rights and that he was prejudiced thereby.

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 801 P.2d 1216 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Hughes v. State*, 148 Idaho 448, 451, 224 P.3d 515, 518 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hughes*, 148 Idaho at 451, 224 P.3d at 518. To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Hughes*, 148 Idaho at 451, 224 P.3d at 518. To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Hughes*, 148 Idaho at 451, 224 P.3d at 518.

An attorney who disregards specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Beasley v. State*, 126 Idaho 356, 360, 883 P.2d 714, 718 (Ct. App. 1994). On the other hand, a defendant who explicitly instructs counsel not to file an appeal cannot later complain that, by following the defendant's instructions, counsel performed deficiently. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Where the defendant has not conveyed his or her intent with respect to an appeal either way, the court must first determine whether trial counsel consulted with the defendant about an appeal. *Id.* at 478; *Pecone v. State*, 135 Idaho 865, 868, 26 P.3d 48, 51 (Ct. App. 2001). In this context, the term "consult" means advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes. *Flores-Ortega*, 528 U.S. at 478. If counsel has consulted with the defendant, then counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with regard to an appeal. *Id.*

If counsel has not consulted with the defendant, then counsel's performance in failing to consult with the defendant is itself deficient if a rational defendant would want to appeal or the particular defendant reasonably demonstrated to counsel that he or she was interested in appealing. *Id.* at 480. In making these determinations, courts must take into account all the information counsel knew or should have known. *Id.*

Once counsel's performance has been shown to be deficient, the defendant must demonstrate actual prejudice by showing that there is a reasonable probability that, but for counsel's deficient failure to consult with him or her about an appeal, the defendant would have timely appealed. *Id.* at 484. In ascertaining whether a defendant has made the requisite showing of prejudice, courts may consider whether there is evidence of nonfrivolous grounds for appeal or the defendant in question promptly expressed a desire to appeal. *Id.* at 485.

Initially, Wilcox claimed that he instructed his counsel to file an appeal, but at the evidentiary hearing he conceded that he had not expressly requested that counsel file an appeal. The district court indicated that the evidentiary hearing was necessary because it was unclear whether counsel had consulted with Wilcox. In regard to the duty to consult, the district court correctly noted that in *Flores-Ortega*, the Supreme Court held:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal),

3

or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

*Flores-Ortega*, 528 U.S. at 480. The district court found that Wilcox failed to show that a rational defendant would want to appeal, because any appeal lacked merit and Wilcox had failed to demonstrate any nonfrivolous ground on which to appeal. This finding is supported by substantial and competent evidence in the record. The district court further found that, although Wilcox asked about his chances on appeal, the evidence did not show that he reasonably demonstrated to counsel that he was interested in appealing.[1] This determination is also supported by substantial and competent evidence in the record. Consequently, the district court determined that Wilcox failed to satisfy the *Flores-Ortega* standard regarding counsel's duty to consult.

The district court rejected, as incredible, Wilcox's testimony that trial counsel only said that there was nothing to appeal and found that counsel had, in fact, consulted with Wilcox regarding an appeal. Trial counsel testified that, prior to sentencing, he met with Wilcox and his father and, after being asked about the chances on appeal, explained the appeal process to Wilcox and told him that he felt there were no adverse rulings to appeal. Trial counsel also testified that he talked to Wilcox about the possibility of appealing on the ground of insufficiency of the evidence but, after a cost benefit analysis, determined that an appeal on that basis was not warranted. He further testified that they discussed the cost of an appeal and the possibility of representation by the State Appellate Public Defender, but did not think that Wilcox could qualify because of his assets. The discussion lasted approximately ten minutes and trial counsel believed that they were all on the same page regarding any potential appeal relating to Wilcox's conviction, leaving the possibility of an excessive sentence appeal. During numerous subsequent communications, Wilcox never again raised the question of an appeal.

---

[1] Wilcox appears to take issue with this finding, relying on this Court's decision in *Pecone v. State*, 135 Idaho 865, 869, 26 P.3d 48, 52 (Ct. App. 2001), in which we concluded that Pecone had demonstrated that he was at least interested in appealing. In *Pecone*, counsel was shocked and amazed that Pecone was given the maximum sentence and, as Pecone was being led away, he asked "Are we going to do an appeal?" Trial counsel did not recall his answer. *Id.* Those facts are remarkably different from the present situation in which Wilcox inquired about his chances on appeal after conviction, but prior to sentencing, where no adverse rulings had been made.

Although, as stated above, they discussed the process and issues regarding an appeal, trial counsel testified that he did not specifically tell Wilcox he had a right to appeal or could order counsel to file an appeal.

Wilcox now concedes that there was consultation, but argues that the consultation was deficient because he was not expressly informed that he had a right to appeal despite the discussion with counsel regarding the lack of merit to any such appeal. As noted above, consultation has been defined as advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes. *Flores-Ortega*, 528 U.S. at 478. Wilcox's attempt to distinguish this case from *Pecone* is unavailing. In *Pecone*, trial counsel and Pecone discussed his appeal rights, the lack of meritorious issues for appeal, and the right to seek leniency as opposed to a direct appeal of the sentence. After the consultation, Pecone and his counsel had ample opportunities to further discuss appellate rights, but the matter was never raised again. *Pecone*,135 Idaho at 869, 26 P.3d at 52. The distinction, Wilcox argues, is that we noted the district court found that Pecone and his counsel "discussed Pecone's appeal rights." Wilcox implies therefrom that this Court recognized a constitutionally required express statement by counsel of the right to appeal and, more particularly here, that the right exists despite the consultation regarding the merits. What we held, however, was that "Pecone's counsel satisfied his constitutionally imposed duty to 'consult' with Pecone, i.e., counsel adequately advised Pecone about the advantages and disadvantages of filing an appeal and made a reasonable effort to discover Pecone's wishes concerning an appeal." *Id.* at 870, 26 P.3d at 53. In *Flores-Ortega*, the Court stated that there is no particular set of detailed rules for counsel's conduct that can be applied to every case that will satisfy all circumstances, and that the court must look at the particular circumstances of each case to determine the reasonableness of counsel's challenged conduct. *Flores-Ortega*, 528 U.S. at 477. Wilcox's counsel advised Wilcox of the advantages and disadvantages of the appeal by telling him about the appeal process, the lack of adverse rulings, the sufficiency of the evidence, and cost analysis. The district court correctly determined that Wilcox failed to demonstrate deficient performance.

In addition, Wilcox failed to establish prejudice. To demonstrate prejudice, a defendant must "demonstrate that, but for counsel's deficient conduct, he would have appealed." *Flores-Ortega*, 528 U.S. at 486. Wilcox identified no nonfrivolous grounds for appeal. He did not show that he reasonably communicated a desire to counsel to appeal. Wilcox did not establish

that he would have appealed if his counsel specifically told him of a right to appeal, that he could reject counsel's advice, or that he ordered counsel to appeal. When asked by post-conviction counsel at the evidentiary hearing, "Did you want to appeal?" Wilcox only answered, "I wanted something to happen." This vague statement does not satisfy Wilcox's burden to demonstrate prejudice. The district court did not err in finding that Wilcox failed to show prejudice.

## III.

## CONCLUSION

The district court did not err in denying Wilcox's petition for post-conviction relief. Therefore, the district court's denial of Wilcox's petition for post-conviction relief is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**