**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50596**

| | | |
|---|---|---|
| VON DANE LEONARD, | ) | |
| | ) | **Opinion Filed:  November 6, 2024** |
| Petitioner-Appellant, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael J. Reardon, District Judge.

Final judgment and order summarily dismissing amended petition for post-conviction relief, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Von Dane Leonard appeals from the district court's judgment and order granting the State's motion for summary dismissal of his amended petition for post-conviction relief.  Leonard argues the district court erred because he pled sufficient facts establishing a prima facie case of ineffective assistance of counsel and, thus, his claim should not have been summarily dismissed.  Although the district court erred in ruling that Leonard's request for relief was moot, the district court correctly concluded Leonard failed to allege a prima facie case of ineffective assistance of counsel.  The district court's judgment and order summarily dismissing Leonard's amended petition for post-conviction relief is affirmed.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Leonard pleaded guilty to one count of sexual battery of a minor and one count of lewd conduct with a minor, both felonies. For each count, the district court sentenced Leonard to a concurrent, unified sentence of thirty years, with twelve years determinate. At sentencing, the district court advised Leonard of his right to file an appeal. No appeal was filed. Through new counsel, Leonard filed an Idaho Criminal Rule 35 motion for a reduction of his sentence; the district court denied the motion. Rule 35 counsel sent Leonard a letter, informing him that the district court had denied Leonard's Rule 35 motion but did not tell Leonard he could appeal the denial of the Rule 35 motion. As a result, no appeal from the denial of the Rule 35 motion was timely filed. Leonard, acting pro se, then filed an untimely appeal from the denial of the Rule 35. Rule 35 counsel withdrew, and Leonard was appointed a public defender who moved the district court to find good cause to extend the deadline for filing an appeal from the denial of Leonard's Rule 35 motion. The district court granted the motion and extended the deadline for Leonard to file an appeal. The Idaho Supreme Court ultimately dismissed the appeal as untimely and noted that the district court lacked authority to extend the appellate filing deadline.

Leonard filed a pro se petition for post-conviction relief. Leonard requested, and was granted, counsel. Counsel moved to amend the petition, which the district court granted, and counsel filed an amended petition for post-conviction relief. In the amended petition, Leonard raised two claims of ineffective assistance of counsel. First, Leonard alleged that his trial counsel did not consult with him regarding filing an appeal from the denial of his Rule 35 motion and this "cost Mr. Leonard an appeal that he otherwise would have pursued." Second, Leonard alleged trial counsel "failed to consult with Mr. Leonard about his right, desire, or intention to appeal the sentence imposed by the District Court." Leonard asserted "that trial counsel failed to engage him in such consultation and that the consequence of that failure cost Mr. Leonard an appeal that he otherwise would have pursued." The State filed an answer and conceded that Leonard was entitled to relief on his first claim but as to his second claim, Leonard failed to support his conclusory allegation with facts.

At the hearing on the State's motion for summary dismissal, the parties stipulated to granting relief on Leonard's first claim, and the district court subsequently reissued the order

2

denying the Rule 35 motion and Leonard appealed.[1]  After hearing argument on the second claim, the district court summarily dismissed it, finding that the issue was moot because Leonard was granted relief for his first claim.  Leonard timely appealed.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief.  *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d at 920, 923 (Ct. App. 2008).  Over questions of law, we exercise free review.  *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Leonard argues the district court erred in two ways.  First, the district court erred in holding that the second claim in his post-conviction petition was moot because an appellant makes different arguments in an appeal from a judgment of conviction and an appeal from the denial of a Rule 35 motion.  Second, Leonard asserts the district court erred in summarily dismissing the second claim because he alleged sufficient facts to establish a prima facie claim of ineffective assistance of trial counsel.  While the State concedes the district court erred in finding Leonard's second post-conviction petition claim was moot, the State argues that Leonard fails to make a prima facie case of deficient performance and prejudice under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

At the summary dismissal hearing, the district court found that Leonard was not prejudiced when it dismissed the second claim in his amended post-conviction petition because he was allowed to appeal the denial of the Rule 35 motion.  Although the district court erred in granting the State's motion for summary dismissal on the ground that Leonard was not prejudiced, that does not end our analysis because of the "right-result, wrong-theory rule." *State v. Hoskins*, 165 Idaho 217, 222, 443 P.3d 231, 236 (2019).  The "right-result, wrong-theory rule" permits an appellate court to uphold the decision on appeal by applying a correct theory to the same facts (or to

---

[1]     Leonard appealed from that order and the denial of the Rule 35 motion was affirmed by this Court.  *State v. Leonard*, Docket No. 50411 (Ct. App. Sept. 15, 2023) (unpublished).

undisputed facts in the record). This review is permitted, for example, when two theories are presented to the trial court and the trial court finds one theory to be dispositive and decides the case only on that theory and to the exclusion of any other theory that is raised, an appellate court may still uphold the trial court's decision on the alternate basis, but only if a few conditions are met. First, because the trial court did not reach the alternate issue, the appellate court must be satisfied that the parties had adequate opportunity to present evidence and arguments on the alternative issue. In other words, there must be sufficient facts in the appellate record on which to base a decision on alternate grounds. Satisfaction of this condition will usually be dependent on the second condition: the theory on which the trial court decides the issue must not reroute the course of proceedings so that the alternate basis does not have a chance to be litigated. That is, the affected party must have the reason and the opportunity to properly respond to the alternate grounds. *Id.*

In this case, Leonard had an opportunity to fully litigate the merits of his second claim of ineffective assistance of counsel as set forth in his amended petition. The State's answer alleged that as to Leonard's second claim of ineffective assistance of counsel, Leonard failed to state a claim upon which relief could be granted, failed to raise a genuine issue of material fact, and failed to establish either deficient performance by trial counsel or that Leonard suffered any prejudice. In its motion for partial summary dismissal, the State further argued that as to Leonard's second claim, Leonard "failed to make a substantial factual showing supporting his allegations and the conclusions presented fail to provide a legal basis for relief." Leonard responded to the State's partial motion for summary dismissal and argued that he alleged sufficient verified facts to support both of his claims.

At the hearing on the State's motion for partial summary dismissal, the State relied on its briefing, i.e., that Leonard had not alleged a genuine issue of material fact as to deficient performance or prejudice; that Leonard's statements were conclusory and unsupported by sufficient facts; that the district court could rely on the record from the underlying criminal case wherein Leonard was advised in writing of his right to appeal both in the judgment of conviction and orally at the sentencing hearing; and that the ability to appeal the denial of the Rule 35 motion was a sufficient remedy in lieu of an appeal from the judgment of conviction. Leonard argued that he was not required to include any facts in his petition about any conversations between himself and trial counsel because he alleged his attorney did not consult with him, which is essentially

4

alleging there were no conversations. He further argued that "his attorney did not consult with him, and his attorney had a duty to do that" pursuant to *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), and "so the issue here is whether his attorney rendered effective assistance of counsel."

Thus, the district court was presented with an alternate basis on which to grant the State's motion for summary dismissal: that Leonard had not made a prima facie showing of ineffective assistance of trial counsel regarding the lack of appeal from the judgment of conviction. The issue was squarely presented to the district court, and Leonard had a full and fair opportunity to address the alternate basis; as such, we can assess whether the district court correctly dismissed the petition, even if it did so for the wrong reason. Leonard does not argue on appeal that the issue of whether he demonstrated a prima facie case as to the second claim was not litigated in the district court, or that this Court should not address the merits.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades*, 148 Idaho at 249, 220 P.3d at 1068; *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rules of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary

dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland*, 466 U.S. at 687-88; *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

## A. Trial Counsel Did Not Perform Deficiently Because He Did Not Have a Duty to Consult with Leonard

Leonard argues he sufficiently alleged the first prong of the *Strickland* analysis, deficient performance, because his trial counsel failed to consult with him about his right, desire, or intention to appeal the sentence imposed by the district court. Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want an appeal (for example, because there are nonfrivolous grounds for appeal) or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in

6

appealing. *Flores-Ortega*, 528 U.S. at 471. In this context, the term "consult" means advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, then counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions about an appeal.

In making this determination, courts must take into account all the information counsel knew or should have known. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. *Id.*; *McKinney v. State*, 162 Idaho 286, 297, 396 P.3d 1168, 1179 (2017). Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal. *Flores-Ortega*, 528 U.S. at 480. Where the defendant has not conveyed his or her intent with respect to an appeal either way, the court must first determine whether trial counsel consulted with the defendant about an appeal. *Id.* at 478; *Pecone v. State*, 135 Idaho 865, 868, 26 P.3d 48, 51 (Ct. App. 2001).

1. **A rational defendant would not want to appeal where the likelihood of success is slim to none**

Several Idaho cases have considered the issue of whether a rational defendant would want to appeal from the judgment of conviction, arguing the sentence imposed is excessive. In *Goodwin*, Goodwin pleaded guilty to burglary and the court imposed a unified sentence of ten years, with five years determinate. *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. Goodwin did not appeal. Goodwin filed a Rule 35 motion, which was denied, and Goodwin did not appeal the denial. Goodwin then filed a petition for post-conviction relief, alleging his trial counsel was ineffective for, as relevant here, failing to inform Goodwin of his right to appeal the denial of his Rule 35 motion. The district court summarily dismissed the claim. *Id.*

This Court concluded that although Goodwin's trial counsel failed to adequately consult Goodwin about his right to appeal the denial of a Rule 35 motion, the district court did not err in summarily dismissing the petition because a rational defendant in Goodwin's position would not

7

want an appeal. *Id.* at 273-74, 61 P.3d at 630-31. This Court looked at the factors known to counsel at the time:

(1) Goodwin pled guilty to burglary, a felony punishable by imprisonment for not less than one nor more than ten years pursuant to I.C. § 18-1403; (2) Goodwin's sentence was within the statutory sentencing range; (3) Goodwin's offense involved the taking of more than $238,000 worth of coins from a residence; (4) by pleading guilty Goodwin indicated a desire to end judicial proceedings; (5) Goodwin did not appeal from his judgment of conviction or sentence; (6) in his Rule 35 motion, Goodwin did not challenge the legality or excessiveness of his sentence, or submit any additional evidence in support of his motion, but merely requested that the district court reconsider the sentence imposed; (7) Goodwin's presentence investigation report indicated that he had a significant criminal record, with numerous felonies involving stolen property; (8) the presentence investigator recommended imprisonment because Goodwin was not a suitable candidate for probation; and (9) appellate review of the denial of a Rule 35 motion involves a determination of whether a defendant's sentence was reasonable at the time of pronouncement or whether the defendant has shown that his or her sentence is excessive in light of additional information submitted in support of the motion.

*Goodwin*, 138 Idaho at 273, 61 P.3d at 630. In light of the above, this Court concluded no rational defendant in Goodwin's position would have wanted to appeal the denial of the Rule 35 motion because there was no reasonable probability that Goodwin's sentence would have been reduced had he appealed from the denial of the Rule 35 motion. *Id.* at 273-74, 61 P.3d at 630-31.

In *Hoffman v. State*, 153 Idaho 898, 277 P.3d 1050 (Ct. App. 2012), Hoffman pleaded guilty to possession of methamphetamine and was sentenced to a unified term of six years, with two years determinate, and the district court retained jurisdiction. *Hoffman*, 153 Idaho at 901, 277 P.3d at 1053. Counsel immediately sent Hoffman a letter regarding his right to appeal. The district court later relinquished jurisdiction but reduced the sentence, pursuant to a Rule 35 motion, to a unified sentence of four years, with two years determinate. No appeal from the judgment of conviction or sentence was filed.

Hoffman subsequently filed a petition for post-conviction relief alleging, among other claims, that trial counsel was ineffective by failing to consult with him regarding an appeal and then failing to file an appeal upon his request. The district court gave notice to Hoffman of its intent to dismiss the petition and ultimately did so. Hoffman appealed.

On appeal, Hoffman argued, among other claims, the district court erred in holding that he failed to make a prima facie showing that trial counsel was ineffective for failing to properly consult with him regarding filing a direct appeal and failing to file the direct appeal. *Id.* This

8

Court affirmed the district court's finding that the record disproved Hoffman's claim that he asked trial counsel to file an appeal. *Id.* at 908, 277 P.3d at 1060. This Court also held that Hoffman failed to sufficiently allege that a rational defendant in Hoffman's position would have desired an appeal or that Hoffman sufficiently demonstrated to counsel an interest in appealing. This Court held that because Hoffman did not allege what he desired to directly appeal, there was no genuine issue of material fact that a rational defendant in Hoffman's position would have wanted to appeal. *Id.* As a result, this Court affirmed the district court's summary dismissal of Hoffman's petition for post-conviction relief. *Id.* at 909, 277 P.3d at 1061.

In *Blackburn v. State*, 161 Idaho 769, 391 P.3d 654 (Ct. App. 2017), Blackburn pleaded guilty to violating a no-contact order and was sentenced to a unified sentence of four years, with one year determinate. *Blackburn*, 161 Idaho at 771, 391 P.3d at 656. Blackburn subsequently filed a petition for post-conviction relief, alleging that his trial counsel rendered ineffective assistance of counsel when he failed to file a notice of appeal. *Id.* at 772, 391 P.3d at 657. The district court summarily dismissed the petition and Blackburn appealed. *Id.* at 771, 391 P.3d at 656.

On appeal to this Court, Blackburn argued his counsel did not consult with him regarding the appeal from the judgment of conviction. *Id.* at 773, 391 P.3d at 658. This Court held that trial counsel only had a duty to consult with Blackburn if a rational defendant in Blackburn's position would want to appeal (for example because there were nonfrivolous grounds for appeal) or if Blackburn reasonably demonstrated to counsel that he was interested in appealing. *Id.* We noted:

> Ordinarily, a plea of guilty, if voluntarily and knowingly made, is conclusive as to the defendant's guilt and waives all nonjurisdictional defects in prior proceedings against the defendant. *State v. Hosey*, 134 Idaho 883, 889, 11 P.3d 1101, 1107 (2000). Therefore, Blackburn's appellate issues would typically be limited to the validity of his plea, his sentence, and the court's jurisdiction. Neither the record nor Blackburn's brief suggest any grounds for appeal with the exception of an appeal from the sentence imposed.

*Blackburn*, 161 Idaho at 773-74, 391 P.3d at 658-59.

This Court reasoned that if we were to review the sentence on appeal, we would apply the usual standard of review at it relates to appellate claims of excessive sentence and Blackburn would be required to show the sentence was unreasonable. *Id.* at 774, 391 P.3d at 659. In reviewing the record, this Court concluded the sentence appeared to be reasonable. Thus, we held a rational defendant would not want to appeal because the chance of success was slim to none. As a result,

Blackburn failed to present a prima facie case that trial counsel had a duty to consult because he failed to establish a rational defendant in his position would want an appeal. The Court similarly held that Blackburn failed to establish a prima facie case that he reasonably demonstrated to counsel that Blackburn was interested in an appeal, despite evidence in the record that Blackburn discussed an appeal with his trial counsel. *Id.*

To show that a rational defendant in Leonard's position would want an appeal, Leonard points to the sentencing portion of his case, where his trial counsel argued for a sentence that was less than what the district court imposed. Leonard's position is that because he did not receive the exact sentence he bargained for and did not expressly waive his right to appeal that sentence, the *Flores-Ortega* factors show that a rational defendant in Leonard's position would want an appeal. Further, Leonard argues his case is unlike *Blackburn* because the record does not establish that the only ground for Leonard to appeal was the sentence he received.

Despite Leonard's argument, his case is virtually identical to *Blackburn*. Like in *Blackburn*, Leonard's guilty plea necessarily limited the potential issues on appeal to a challenge to the validity of his plea, a jurisdictional challenge, or a claim his sentence was excessive. Any challenges to the validity of his plea would be further limited by whether a challenge to the plea had been raised in district court. *State v. Wilhelm*, 135 Idaho 111, 115, 15 P.3d 824, 828 (Ct. App. 2000). Also like in *Blackburn*, neither the record nor Leonard's briefs on appeal suggest any ground for appeal with the exception of an appeal from the sentence imposed. *See Blackburn*, 161 Idaho at 774, 391 P.3d at 659. More importantly, Leonard identified the claim he would have raised on appeal in his post-conviction petition because Leonard made clear in his petition that his ineffective assistance of counsel claim related to Leonard's "right, desire, or intention to appeal the sentence." And, just as in *Blackburn*, Leonard's likelihood of success on an appeal challenging the length of his sentences was slim to none.

If we were to review Leonard's sentences on appeal, we would apply our usual standard of review. Leonard would be required to show that the sentences were unreasonable. A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *Id.*; *State v. Toohill*, 103, Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). This Court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill*, 103 Idaho at 568,

10

650 P.2d at 710. Leonard pleaded guilty to two serious crimes, each with maximum sentences of life in prison. The district court sentenced Leonard to concurrent sentences of thirty years, with twelve years determinate. Here, a review of the admittedly limited record on this subject indicates that the sentences imposed appear to be reasonable.

As such, a rational defendant would not want to appeal where the chance of success was slim to none. *Blackburn*, 161 Idaho at 774, 391 P.3d at 659. Leonard argues that because his counsel recommended the district court sentence him to an aggregate concurrent sentence of thirty years, with seven years determinate, but the district court imposed concurrent sentences of thirty years, with twelve years determinate, the discrepancy in the determinate portion of the sentence is enough to make a prima facie showing that a rational defendant would want to appeal. We disagree. First, we recognize that Leonard did not receive the determinate portion of the sentence he requested. Nonetheless, Leonard requested a thirty-year aggregate sentence, and the district court imposed a thirty-year aggregate sentence. More importantly, while there is a discrepancy between the determinate portion of the sentence Leonard requested and the determinate portion of the sentence that was imposed, that sole fact, in and of itself, does not demonstrate that an appeal challenging that sentence would have a chance of success such that a rational defendant would want to appeal. Leonard failed to identify any facts in his petition relating to the length of his determinate sentence that would enhance the likelihood of success such that a rational defendant would want to appeal.

When we examine what additional information trial counsel knew, or should have known, it supports the district court's conclusion that trial counsel did not have a duty to consult with Leonard. What Leonard's trial counsel knew, or should have known, included that: (1) Leonard pleaded guilty to one count of sexual battery of a minor and one count of lewd conduct with a minor, both felonies punishable by imprisonment up to life pursuant to I.C. §§ 18-1508, -1508(A); (2) by pleading guilty, Leonard indicated a desire to end judicial proceedings; (3) Leonard received the aggregate sentence he requested but did not receive the determinate portion of the aggregate sentence he requested; (4) Leonard's sentences were within the statutory sentencing range; (5) the district court informed Leonard of his right to appeal both orally during the sentencing hearing and in writing as part of the judgment; (6) Leonard did not request an appeal or otherwise communicate with trial counsel within the timeframe to file an appeal from his judgment of conviction; and (7) Leonard did not request an appeal or otherwise communicate with trial counsel regarding *any*

11

appeal until the appeal from the denial of his Rule 35 motion. Thus, what the attorney knew was that Leonard had been informed of his right to appeal and did not take any further action to pursue the appeal. What trial counsel could reasonably conclude was that a rational defendant, generally, and Leonard, specifically, having been informed of the right to appeal but expressing no interest to or asking questions of trial counsel regarding the information provided, was not interested in pursuing an appeal from the judgment of conviction.[2]

Thus, Leonard has failed to establish a prima facie showing that a rational defendant would have wanted an appeal from his judgment of conviction such that his trial counsel had a duty to consult with him.

**2. Leonard did not reasonably demonstrate to counsel that he was interested in appealing**

Leonard also argues that he reasonably demonstrated to his counsel that he was interested in appealing but does not point to any facts in the record to support that claim. A review of the record indicates that, at the post-conviction hearing, the district court recalled that it informed Leonard of his right to appeal and the timeframe for doing so at Leonard's sentencing hearing. Leonard did not dispute this at the hearing, nor does he do so on appeal. Leonard points to no fact, and his petition contains no facts, that he ever demonstrated to counsel he was interested in appealing. Based on what his trial counsel knew or should have known as outlined above, what Leonard reasonably demonstrated to his trial attorney was that he *was not interested* in pursuing an appeal. *Flores-Ortega*, 528 U.S. at 481. Leonard cannot use his post hoc statement in his post-conviction petition that he would have pursued an appeal to show he reasonably demonstrated to his counsel during the relevant timeframe that he was interested in appealing.

In this case, Leonard fails to demonstrate deficient performance on the part of his trial counsel and, as a result, Leonard failed to establish a prima facie case of ineffective assistance of counsel.

---

[2] That Leonard was represented by a different attorney with respect to the Idaho Criminal Rule 35 motion does not change the analysis. If anything, that Leonard mentioned an appeal with respect to the Rule 35 motion but not with respect to the sentence imposed in conjunction with the judgment of conviction supports a conclusion that Leonard himself wished to appeal one but not the other.

**B.** **Leonard Fails to Establish a Prima Facie Showing That He Suffered Prejudice**

As it relates to alleging prejudice, *Flores-Ortega* held, "If the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief." *Flores-Ortega*, 528 U.S. at 484.

In this case, Leonard alleges that trial counsel's failure to consult with him regarding an appeal from his sentence "cost Mr. Leonard an appeal that he otherwise would have pursued." Leonard argues this is a sufficient factual allegation that creates a prima facie showing of prejudice. The State argues this is a conclusory statement, unsupported by any facts and, thus, is insufficient to establish a prima facie showing of prejudice. We first address what both parties agree on: that the district court incorrectly concluded that Leonard could not establish prejudice on his second claim (ineffective assistance of counsel for failing to consult with Leonard regarding an appeal from his judgment of conviction) because the district court granted the stipulated relief on his first claim (ineffective assistance of counsel for failing to file an appeal from the denial of the Rule 35 motion), which allowed Leonard to refile an appeal from the denial of his Rule 35 motion. We agree with the parties.

At the summary dismissal hearing, the district court stated:

> I think whether or not there was deficient performance becomes moot at the point where I grant the stipulated motion to reenter the denial of the Rule 35. That effectively gives Mr. Leonard the ability to appeal that denial, and I don't think there is any practical purpose between--if I were to grant the motion for relief, what that would mean would be that Mr. Leonard would then be able to appeal his sentence, which is essentially what he's going to get to do by appealing the denial of the Rule 35.

Here, while a Rule 35 motion and an appeal from a sentence are both reviewed under the abuse of discretion standard, the appeals present distinct issues. On an appeal from the denial of a Rule 35 motion, the defendant has the burden of establishing either that the sentence is illegal from the face of the record or that there is new or additional evidence not presented at sentencing that supports his request for leniency. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). On direct appeal from a judgment of conviction, in order to show that the sentence imposed was unreasonable, the defendant must show that the sentence, in light of the governing criteria, is excessive under any reasonable view of the facts. *State v. Moore*, 150 Idaho 17, 21, 244 P.3d 161, 165 (2010). Thus, an appeal from the denial of a Rule 35 motion does not function as

13

an appeal of a judgment of conviction regarding the length of a sentence. The district court erred by holding that Leonard could not establish prejudice on his claim regarding the appeal from the judgment of conviction because he was permitted to file an appeal from the denial of the Rule 35 motion.

Nonetheless, the district court's conclusion that Leonard failed to establish prejudice was correct, albeit for a different reason. Leonard could not establish prejudice because he did not allege sufficient facts to support his conclusory statement that trial counsel's alleged deficient performance cost him an appeal he would have otherwise pursued. Although Leonard argues that his statement in his verified petition constitutes a fact, we disagree. Leonard's claim, "that trial counsel failed to engage him in such consultation and that the consequence of that failure cost Mr. Leonard an appeal that he otherwise would have pursued," merely reiterates the legal standard by which an appellate court determines whether a defendant was prejudiced by an attorney's deficient performance. In order to reach that legal conclusion, a reviewing court looks to the facts supporting the claim. Merely listing the legal standard in a verified petition does not transform the legal standard into a factual statement that then provides the necessary factual support for the precise legal conclusion. In this case, Leonard has alleged no facts which support his claim that would allow this Court to determine whether or not the prejudice prong of the *Strickland* analysis has been established.

For example, despite being informed of the right to an appeal, Leonard provides no facts that the notice provided by the district court at sentencing was somehow insufficient such that it was counsel's (rather than Leonard's) inaction that resulted in the lack of an appeal. The *Flores-Ortega* Court noted that if "a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult," then "[i]n some cases, counsel might then reasonably decide that he need not repeat that information." *Flores-Ortega*, 528 U.S. at 479-80. Here, Leonard has alleged no facts that explain why the information provided by the district court was insufficient to apprise him of his right to appeal such that trial counsel needed to repeat that information or further explain it. In other words, Leonard has not established the "but for" causal link between his attorney's alleged deficiency and the lack of an appeal.

Because Leonard has failed to provide a prima facie showing of either deficient performance or prejudice, he fails to sufficiently allege a claim of ineffective assistance of counsel.

14

The district court did not err in summarily dismissing Leonard's amended petition for post-conviction relief.

## IV.

## CONCLUSION

The district court erred in determining that Leonard's second claim in his amended petition for post-conviction relief was moot. However, Leonard fails to establish a prima facie case either that his attorney performed deficiently or that he was prejudiced as a result of that alleged deficient performance. Therefore, the final judgment and order summarily dismissing Leonard's amended petition for post-conviction relief are affirmed.

Chief Judge GRATTON and Judge LORELLO, CONCUR.